**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001180
18-MAY-2017
07:54 AM**

NO. CAAP-14-0001180

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MARK DENNIS CAIRES, Defendant-Appellant
(CR. NO. 13-1-0955(2))

and

STATE OF HAWAI'I, Plaintiff-Appellee v.
MARK D. CAIRES, Defendant-Appellant
(CR. NO. 14-1-0040(2))

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Mark Dennis Caires (Caires) appeals from the September 16, 2014 Judgment of Conviction and Sentence (Judgment)[1] entered by the Circuit Court of the Second Circuit (Circuit Court).[2] Consistent with a plea agreement with the State, in Cr. No. 13-1-0955(2), Caires entered no contest pleas to two counts of Sexual Assault in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 707-731 (2014)[3] and in Cr.

---

[1]  Judgment was entered in two cases which were brought separately. In Cr. No. 13-1-0955, Caires was charged with ten counts of Sexual Assault in the First Degree. In Cr. No. 14-1-0040, Caires was charged with four counts of Terroristic Threatening in the First Degree. The cases were heard together for the change of plea and sentencing.

[2]  The Honorable Peter T. Cahill presided.

[3]  **§707-731. Sexual assault in the second degree.**
(1) A person commits the offense of sexual assault in the second degree if:

(continued...)

No. 14-1-0040(2) entered a no contest plea to one count of Terroristic Threatening in the First Degree in violation of HRS § 707-716 (2014).[4] In Cr. No. 13-1-0955(2), consecutive ten-year terms of incarceration were imposed on each of the two counts of Sexual Assault in the Second Degree and in Cr. No. 14-1-0040(2) a five-year term of incarceration for Terroristic Threatening in the First Degree, to run concurrently with the sentence in Cr. No. 13-1-0955(2) was imposed.

On appeal, Caires maintains that his no contest plea should be set aside and the Judgment vacated and remanded because he received ineffective assistance of counsel.

After a careful review of the issues raised, the parties' arguments, the record on appeal, and applicable legal authority, we resolve Caires's point of error as follows and affirm.

> When reviewing a claim of ineffective assistance of counsel, [the appellate court] looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

---

[3](...continued)

    (a)    the person knowingly subjects another person to an act of sexual penetration by compulsion;

    (b)    the person knowingly subjects to sexual penetration another person who is mentally incapacitated or physically helpless[.]

[4]    **§707-716. Terroristic threatening in the first degree.** (1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:

    . . . .

    (b)    By threats made in a common scheme against different persons;

    (c)    Against a public servant arising out of the performance of the public servant's official duties.

State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (footnote, citations, and internal quotation marks omitted).

Caires identifies the following examples of failures by his previous counsel in support of his point on appeal: (1) untimely and inadequate review of the evidence and discovery in both cases; (2) no explanation that a no contest plea would lead to an adjudication of guilt; (3) untimely and inadequate review with Caires and explanation of, the change of plea form; and (4) incompetent advice in the plea negotiation with the State. As a result of this ineffective assistance, Caires contends that his plea was not entered into knowingly, intelligently and voluntarily.

1. Besides the relatively short tenure of his trial counsel, Caires points to nothing that supports his claim that the discovery and evidence in these cases were not discussed with him prior to his plea. To the contrary, at the change of plea hearing, the Circuit Court explicitly asked Caires, "[h]ave you also had a chance to review with [defense counsel] whatever evidence the government provided in discovery in this case, statements, police reports, anything like that, with your attorney?" and "Did you get a chance to talk to [defense counsel] about what, if any possible defenses you might want to have or assert?" To both questions, Caires answered in the affirmative.

2. Similarly, Caires makes no showing that his counsel failed to explain that his no contest plea would lead to an adjudication of guilt. Contradicting his position is the No Contest Plea form that he signed, which says, among other things, "I understand that the court may impose the following penalties for the offense(s) that I now plead . . . ." In addition, although the Circuit Court did not explicitly explain the nature of a no contest plea, the colloquy engaged in left no doubt that if accepted, Caires would be giving up the right to a trial and be sentenced consistent with a range of possible penalties.

3. Caires also argues that the change of plea form was not adequately explained to him based on his assertion that the form was not signed by him until the change of plea hearing. Even if he did not sign the document until the hearing, Caires does not explain why that precludes a prior discussion with counsel regarding its content. In any event, both Caires's signature on the form[5] and his assertions at the change of plea hearing that he understood the matters in the form, belie Caires's claim.

4. Caires's argument, in light of his extensive criminal history, including prior sexual assault and terroristic threatening convictions; the facts of the instant cases, including that the complaining witness was Caires's step-daughter and was mentally disabled; the possibility of a twenty-five year sentence; his age; his serving the maximum five-year indeterminate sentence on his last case making it unlikely the paroling authority would set a low minimum; and counsel's proposed sentence of probation with 9 months' incarceration leads to the conclusion that "defense counsel's assistance was not skillful or diligent, its intrinsic quality was lacking and it was thus ineffective" fails to make the showing required. Caires's argument amounts to a disagreement with his counsel's advice. "Specific actions or omissions alleged to be error but which had an obvious tactical basis for *benefitting* the defendant's case will not be subject to further scrutiny." Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994) (citations omitted; emphasis in original). Caires was charged with fourteen counts (ten counts of Sexual Assault in the First Degree and four counts of Terroristic Threatening in the First Degree), but pleaded no contest to three counts (two reduced counts of Sexual Assault in the Second Degree and one count of Terroristic Threatening in the First Degree). Caires's counsel's efforts resulted in a substantial reduction in the number and

---

[5] Caires also points to the fact that the No Contest Plea form in Cr. No. 14-1-0040(2) bears only an electronic signature and not his wet ink signature. However, this document is marked as a "Duplicate" and is identical, except for the signatures, to the form filed in Cr. No. 13-1-0955(2), which he does not dispute bears his signature, and which contains all the relevant charges and the terms of the plea for both cases.

severity of the charges and consequently resulted in a substantial reduction in the maximum possible sentence he faced. Caires has failed to show that this plea agreement did not benefit him and consequently has failed to show that his counsel was ineffective.

As we conclude Caires's counsel was not ineffective, we need not reach Caires's argument that his plea was invalid due to ineffective assistance of counsel.

Therefore, the September 16, 2014 Judgments entered by the Circuit Court of the Second Circuit in Cr. No. 13-1-0955(2) and Cr. No. 14-1-0040(2) respectively, are affirmed.

DATED:  Honolulu, Hawai'i, May 18, 2017.

On the briefs:

Lars Peterson,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge